UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SONDRA MOORE, )<br>)<br>Plaintiff, )<br>)     Civil Action File No.<br>v. )<br>)     2:18-CV-00190-RWS<br>ALLAN JOHNSTON, individually, )<br>THOMAS MITCHELL, individually, and )<br>THE CITY OF STATHAM, )<br>)<br>Defendants. ) | |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
### PARTIAL SUMMARY JUDGMENT

Plaintiff responds to Defendants' oppositions to her motion for partial summary judgment, [Doc. 33, 34], as follows: As to Defendants Allan Johnston and the City of Statham, Plaintiff shows that these Defendants have not contested (a) whether there was a constitutional violation, (b) whether Plaintiff satisfied *Monell*'s municipal liability standard, or (c) whether the constitutional violations were clearly established, thus conceding those matters and, accordingly, liability for partial summary judgment.

As to Defendant Thomas Mitchell, Plaintiff hereby withdraws her motion for partial summary judgment, recognizing that Mitchell has created a question of fact as to his personal participation by swearing that he did not author or sign

the banishment notice. Nevertheless, Mitchell has presented no legal authority contesting whether there was a constitutional violation or whether he would be entitled to qualified immunity.

## ARGUMENT AND CITATION OF AUTHORITY

I.  **JOHNSTON AND STATHAM PROVIDE NO LEGAL OR FACTUAL BASIS TO DENY PARTIAL SUMMARY JUDGMENT**

Johnston and Statham raise three legal arguments in opposition to partial summary judgment, but none of these contentions provide any reason for this Court to deny partial summary judgment. First, they argue that the motion is premature because the discovery period is ongoing, but they put forward no facts, no disputes of fact, and point to no discovery they intend to conduct— much less any outstanding discovery they have requested. Second, these Defendants point the finger at Mitchell, arguing that they relied on the advice of counsel. As shown herein, there is no evidence to support that contention and it is, in any event, wholly irrelevant to *Monell* liability. Third, these Defendants argue that injunctive relief is inappropriate, but Plaintiff did not ask for injunctive relief in her motion. Each contention will be addressed, but first Plaintiff shows there is no disagreement as to the material facts or legal principles regarding her motion for partial summary judgment.

[2]

> A. **Johnston and Statham have not identified any factual disputes and have conceded the determinative legal issues by failing to make any argument in opposition to the merits**

As an initial matter, Plaintiff emphasizes what is *not* in dispute. A review of Johnston and Statham's response to Plaintiff's Statement of Undisputed Material Facts shows no disagreement as to any material fact. [*See* Doc. 33-1]. At most, Defendants assert that several facts are immaterial or objectionable on the grounds that statements are legal contentions about the contents of a document in evidence, the authenticity of which is not in dispute. These Defendants did not put forward any statement of additional material facts, or any evidence at all, in opposition to partial summary judgment. As such, there is simply no dispute of fact—the very hallmark of a contested Rule 56 motion.

The relevant legal principles are not in dispute either. Johnston and Statham do not contest any of the four independently sufficient grounds that make Plaintiff's banishment and later arrest unlawful. It is well established that "[a]n argument not made is waived." *Hall v. Great-W. Healthcare*, 276 Fed. Appx. 923, 925 (11th Cir. 2008) (quoting *Cont'l Technical Servs. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991)). Thus, Defendants have conceded that (a) the trespass ban fails First Amendment review because it is not narrowly tailored and does not leave open ample alternative channels of communication, (b) the ban is an unlawful prior restraint, (c) the ban was issued with unlawful

standardless discretion, and (d) the ban violated the Georgia Open Meetings Act.

Similarly, Johnston has not argued that he is entitled to qualified immunity. Nor has he otherwise challenged Plaintiff's detailed showing that the relevant law was clearly established. The failure to raise qualified immunity, even in the most cursory of fashions, waives that issue. *See Lee v. Sandberg*, 136 F.3d 94 (2d Cir. 1997) (finding waiver and that the defendant has the burden to establish the defense on summary judgment); *Buffington v. Baltimore Cty.*, 913 F.2d 113 (4th Cir. 1990) (ruling that because defendants failed to raise clearly the defense of qualified immunity, the immunity issue was not preserved).

Statham has also not contested its own responsibility under the principles of *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff presented facts and legal authority showing that Statham is liable under federal law because the trespass ban was the official policy of the city and was issued by the final policymakers of the city, including the Mayor and Johnston, the Chief of Police. Plaintiff also showed that Statham was liable under state law because it waived its sovereign immunity by purchasing liability coverage. Statham has not contested any of these arguments. Failure to contest *Monell* liability waives that defense. *See Kinnison v. City of San Antonio*, 480 Fed. Appx. 271, 275–76 (5th Cir. 2012) (surveying courts of appeals and finding "the weight of authority suggests" the defense is waivable); *Morro v. City of Birmingham*, 117 F.3d 508,

514–16 (11th Cir. 1997) (affirming summary judgment for plaintiff even though it was "extremely doubtful" that the identified policymaker was a "final" policymaker; had the municipality raised *Monell*, it could have been granted "judgment as a matter of law . . . early in the proceedings").

The fact of whether the Constitution was violated and whether Johnston has qualified immunity or whether the city was sufficiently involved are the critical issues in Plaintiff's motion for summary judgment. Johnston and Statham have not contested these issues. No factual or legal basis exists for them to have done so. Partial summary judgment should be entered.

    B.    <u>Plaintiff's motion is not premature</u>

Johnston and Statham's topline argument is that summary judgment is premature because "discovery has not concluded" and "plaintiff has yet to be deposed." [Doc. 33 at 4]. Defendants are incorrect that the pendency of discovery presents any impediment to the grant of her motion for partial summary judgment. Notably, Johnston and Statham have not pointed to any factual development that would change were they to engage in further discovery and, tellingly, as of the filing of their opposition, they have not even asked to take Plaintiff's deposition despite the case's pendency for over a year.

The well established rule is that "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information

[5]

essential to his opposition." *Smith v. Florida Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *accord Blumel v. Mylander*, 919 F. Supp. 423, 429 (M.D. Fla. 1996) (denying motion as premature when filed on first day of discovery with no evidence other than verification of complaint's facts). Discovery in this case has been open since February 2019, with the exception of a thirty-day stay while the parties attempted to reach a resolution. [*See* Doc. 16]. Discovery was twice extended, [Doc. 19, 26]; and Plaintiff has responded to written requests sent by these Defendants, [Doc. 21, 23]; but these Defendants have not asked to depose Plaintiff at any time. Furthermore, these Defendants have not shown any dispute of fact or any factual development that has any potential to change the outcome of Plaintiff's motion for partial summary judgment. [*See generally* Doc. 33]. Under these circumstances, Johnston and Statham have been "provided a reasonable opportunity to discover information essential to [their] opposition," *Smith*, 713 F.3d at 1064, such that partial summary judgment is not premature.[1]

  C. <u>There is no evidence, or legal authority, to support an advice of counsel argument</u>

In opposing summary judgment, Johnston and Statham argue that they relied on the advice of counsel, from Defendant Thomas Mitchell, and as such

---

[1] The parties have agreed to seek to further extend discovery to allow for factual development as to liability for Plaintiff's first arrest, which is not raised as part of her motion for partial summary judgment, and Mitchell's newly raised defense

[6]

they cannot be held responsible. There are three independently sufficient reasons that Johnston and Statham are incorrect as a matter of law: first, there is absolutely zero evidence to support this claim. Second, this affirmative defense was waived when it was not raised in their answer, especially where these Defendants invoked attorney-client privilege about the relevant communications. Third, advice of counsel is no defense to *Monell* liability or to constitutional violations without a *mens rea*.

First, the advice of counsel defense has not been properly presented because there is simply no evidence to support it. Johnston and Statham put forward no sworn testimony or other evidence showing that anyone relied on the advice of counsel in the decisions to ban Plaintiff and then arrest her for violating the ban by attending a public meeting. As set out in their briefing, the advice of counsel contains several preconditions: (a) the advice must be sought in good faith; (b) for the sole purpose of being advised as to the state of the law; (c) counsel must be fully, correctly, and fairly presented with the material facts; (d) advice must have been actually rendered; (e) and that advice must have been acted upon in good faith. Defendants have not even bothered to represent in their briefing that these preconditions have been met. But more importantly, they have put forward no evidence whatsoever on this ground. Importantly, all of this evidence is in Defendants' possession, not Plaintiffs. To avoid judgment as a

[7]

matter of law, non-movants "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).[2] A "non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000).[3] Here, Johnston and Statham lack even the scintilla.

Second, the advice of counsel defense has not been properly presented because it was not raised as an affirmative defense in their answer, especially where Johnston and Statham appeared to necessarily disavow the defense. "[G]ood faith reliance [on the advice of counsel] is an affirmative defense." *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013). "All affirmative defenses must be specifically pleaded in the answer or in an amended answer permitted under Fed.R.Civ.P. 15(a), or be deemed waived." *Morgan Guar. Tr. Co. of New York v. Blum*, 649 F.2d 342, 345 (5th Cir. 1981). Johnston and Statham did not raise the defense of reliance on advice of counsel, or good faith generally, in their answer. [*See generally* Doc. 11]. These Defendants have not moved to amend

---

[2] As shown below, advice of counsel is an affirmative defense that is Defendants' burden to establish.

[3] "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." *Anderson*, 477 U.S. at 250.

their answer to include such a defense, and of course, they have not bothered to support the defense with evidence despite the affirmative obligation to do so.

Johnston and Statham did more than waive the defense by failing to plead it; they explicitly invoked attorney-client privilege with respect to the communications involved in the defense of advice of counsel. [*See* Doc. 11 ¶ 35 ("[A]ny communications between Johnston and Mitchell wherein Mitchell provided any legal advice to Johnston are privileged attorney-client communications.")]. Of course, "[o]nce a party announces that it will rely on advice of counsel, for example, in response to an assertion of willful infringement, the attorney-client privilege is waived." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006). "The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005). Thus, the invocation of privilege is affirmative evidence that Johnston and Statham were *not* raising the advice of counsel defense.

A third reason that advice of counsel is not a valid defense to Plaintiff's claims is that the defense does not apply to claims against a municipality based on official policy and actions by final policymakers, especially where there is no *mens rea* requirement for the First Amendment or Fourth Amendment false arrest

claims presented by Plaintiff. Fundamentally, the advice of counsel does not negate the fact that certain conduct occurred; such advice can simply be evidence showing that the actor lacked the requisite *mens rea* to be held responsible. *See Vernon*, 723 F.3d at 1269 ("Good faith reliance on counsel's advice can 'negate[ ] the *mens rea* element of willfulness.'" (quoting *United States v. Petrie*, 302 F.3d 1280, 1287 n.6 (11th Cir. 2002))).

As a threshold matter, municipalities sued under 42 U.S.C. § 1983 are not protected by any good faith defense. *See Owen v. City of Independence*, 445 U.S. 622 (1980). In *Owen*, after surveying the common law and historical background, the Court rejected a good faith defense for municipalities as a matter of history, as well as policy. *Id.* at 651 (noting the reality that "many victims of municipal malfeasance would be left remediless if the city were . . . allowed to assert a good-faith defense."). Advice of counsel was at issue in *Owen*. *See id.* at 659–60 (Powell, J., dissenting) (citing manager's reliance on counsel as evidence of good faith). Because good faith is irrelevant, action in accordance with advice of counsel is not a valid defense.

Setting aside the inapplicability of an advice of counsel defense where good faith is not at issue, the Supreme Court has rejected claims by municipalities that they are shielded from liability because they relied on attorney advice in taking an unconstitutional action. For example, in *Pembaur v.*

*City of Cincinnati*, 475 U.S. 469, 473 (1986), the Court found that *Monell* liability was appropriate where city officials, "who had been advised of [the attorney's] instructions to 'go in and get' the witnesses," did so unlawfully. The Court explicitly rejected the argument that the "County Prosecutor was merely rendering 'legal advice,'" finding that the attorney's advice could set policy and thus impose liability for the city. *Id.* at 484–85. *See also Willingham v. City of Valparaiso, Florida*, 638 Fed. Appx. 903 (11th Cir. 2016) (where mayor and city attorney erroneously told members that the commission lacked authority to review the termination, *Monell* liability was appropriate).

Finally, it is significant that Plaintiff's claims do not have any *mens rea* requirement for the substantive constitutional violations. Thus, advice of counsel has nothing to negate. The First Amendment analysis asks whether the ban was narrowly tailored and left open sufficient alternative channels of communication, whether the ban was prior restraint, or whether the ban was issued without standards to cabin official discretion. For these questions, good or bad faith simply does not matter. The same is true for the false arrest claim, which is a purely objective inquiry, especially where qualified immunity has not been raised.

Simply put, advice of counsel is not a defense here. In any event, Johnston and Statham have not come close to properly presenting it to defeat summary

[11]

judgment and have otherwise waived it.

### D. Plaintiff has not requested injunctive relief in her motion

Johnston and Statham raise only one other argument in opposition to summary judgment, that Plaintiff lacks standing to ask for injunctive relief to overturn the trespass ban. Plaintiff previously withdrew her request for preliminary injunctive relief after Johnston and Statham withdrew the trespass bans. [*See* Doc. 9, 10]. Plaintiff did not seek injunctive relief in her motion for partial summary judgment. [*See generally* Doc. 27, 27-1]. Defendant has not, and could not, contest standing for a damages remedy. This argument is no reason to deny Plaintiff the relief she has requested in her motion for partial summary judgment.

## II. PLAINTIFF WITHDRAWS HER MOTION AS TO DEFENDANT MITCHELL

Plaintiff hereby withdrawals her motion for partial summary judgment as to Defendant Mitchell because Mitchell's Affidavit states that the signature on Sondra Moore's Criminal Trespass Warning is not, in fact, his signature. [Doc. 34-3]. This creates a factual dispute,[4] requiring discovery on that factual issue and whether his actions were otherwise a causative factor in the decision to issue

---

[4] Since Plaintiff withdraws her motion for partial summary judgment as to Mitchell, she does not file a response to his statement of affirmative facts, [Doc. 34-2], as discovery is now necessary as to Mitchell.

the Criminal Trespass Warning and/or the associated arrest.

Defendant Mitchell contends that claims can only lie as to him if he was a final policymaker or under supervisory liability principles. [Doc. 34 at 9–14]. Plaintiff is not asserting claims against Mitchell in his individual capacity under either of those theories. Instead, Moore asserts that Mitchell would be personally liable for damages if he either (1) signed the Criminal Trespass Warning or (2) otherwise encouraged the issuance of the Criminal Trespass Warning or related arrest for entering City Hall on May 10, 2018.

As the Supreme Court held in *Burns v. Reed*, "providing legal advice to police officers" is a basis for a claim under Section 1983. 500 U.S. 1934, 1936 (1991). Just like any other public employee, liability attaches if the actions of Mitchell were a causative factor in a constitutional harm (here the Criminal Trespass Warning and/or associated arrest). *See, e.g., Holden v. Stitcher*, 427 Fed. Appx. 749, 750 (11th Cir. 2011) (allowing claim to proceed "that a prosecutor violated and conspired to violate Jeffrey Holden's Fourth and First Amendment rights by giving legal advice to the police officers resulting in Appellant's arrest for disorderly conduct and obstruction of justice and by causing a judge to issue a bench warrant"); *Hughes v. Tarrant Cty., Tex,* 948 F.2d 918, 923 (5th Cir. 1991) ("[W]e find the district attorney and his assistant are not entitled to absolute immunity from suit arising from their giving legal advice to the Commissioners

Court"); *Lippoldt v. Cole*, 468 F.3d 1204, 1219-20 (10th Cir. 2006) (holding that city attorney's role in researching the law and drafting letter regarding plaintiffs played a "substantial factor" in violating plaintiff's First Amendment rights); *Donovan v. Reinbold*, 433 F.2d 738, 744 (9th Cir. 1970) (holding that plaintiff's complaint sufficiently alleged civil rights violation stemming from the city attorney's advice); *Anoushiravani v. Fishel*, 2004 WL 1630240, at *5 (D. Or. July 19, 2004) (finding a causal connection between attorneys' advice to government officials and the alleged injury to permit plaintiff's *Bivens* action to survive defendant's motion to dismiss).

Therefore, given that Mitchell now claims that the signature on the Criminal Trespass Warning is not his, Plaintiff withdraws his motion for partial summary judgment and will depose Mitchell and Statham officials to explore this issue and whether he was otherwise a causative factor in the issuance of the Criminal Trespass Warning or the related arrest.

## **CONCLUSION**

For the above reasons, Plaintiff requests that this Court enter partial Summary Judgment against Defendants Allan Johnston and the City of Statham for (a) First Amendment and Open Meetings Act violations for the trespass ban; and (b) her arrest based on that ban, in violation of the First and Fourth

Amendments of the United States Constitution, similar provisions of the Georgia Constitution, and the Georgia Open Meetings Act.

DATED: This the 4th day of December, 2019.

Respectfully Submitted,

| | |
|---|---|
| */s/ Gerald Weber* | */s/ Zack Greenamyre* |
| Gerald Weber | Zack Greenamyre |
| Ga. Bar No. 744878 | Ga. Bar No. 293002 |
| | |
| LAW OFFICES OF GERRY WEBER, LLC | MITCHELL & SHAPIRO LLP |
| Post Office Box 5391 | 3490 Piedmont Road, Suite 650 |
| Atlanta, GA 31107 | Atlanta, GA 30305 |
| 404-522-0507 | 404-812-4751 |
| wgerryweber@gmail.com | zack@mitchellshapiro.com |

*Attorneys for Plaintiffs*

## **CERTIFICATION OF COMPLIANCE**

The undersigned, in accordance with L.R. 7.1 and 5.1 hereby certifies that the typefont used herein is 13-Point Book Antiqua.

This 4th day of December, 2019

                                           */s/ Zack Greenamyre*
                                           Zack Greenamyre
                                           Georgia Bar No. 293002

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed using the CM/ECF system, causing delivery of the same to opposing counsel as follows:

Alex M. Joseph, ajoseph@grsmb.com
Harvey S. Gray, hgray@grsmb.com
Matthew H. Bennett, mhb@bennettlawofficellc.com

This 4th day of December, 2019

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002